IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS TEJANI KUNDRA, | ) | |
| ID # A 20661647, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-1382-M (BH) |
| | ) | ECF |
| WARDEN LACY, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in an immigration detention center located in Houston, Texas, filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction in Cause No. F-04-53349 in which he was sentenced to one year imprisonment on August 9, 2004. He names Warden Lacy as respondent.

The Court received the instant petition on August 1, 2006. On October 2, 2006, the Court received an amended petition on the standard form used in actions filed pursuant to 28 U.S.C. § 2254. The Court has not ordered respondent to file an answer to the petition. In light of the one-year sentence imposed in 2004, it appears that petitioner is no longer in custody on the challenged conviction.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." From a review of the documents filed in this action, the petition filed in Cause No. 3:05-CV-2425-N, and petitioner's response to findings entered in Cause No. 3:06-CV-1394-P,[1] it appears that, when petitioner filed his federal petition, he was not in custody on the conviction that he challenges herein. It thus appears that the Court lacks subject matter jurisdiction over this action.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v.*

---

[1] In a motion filed in this action, petitioner asks the Court to consider the petition filed in Cause No. 3:05-CV-2425-N and the response to the findings entered in Cause No. 3:06-CV-1394-P. By separate order, the Court has granted that motion in part.

*Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this instance, petitioner challenges an August 9, 2004 state jail conviction that resulted in a one year sentence. Petitioner has presented nothing which shows that he is in custody on the conviction that he challenges in this action. Having fully served the imposed sentence, petitioner is no longer "in custody" such that he can challenge that conviction. Consequently, this Court lacks jurisdiction over the instant habeas petition.

Petitioner's arguments regarding his custody either relate to the issue of mootness or collateral immigration consequences from the challenged conviction. However, when petitioner filed the instant action, he was not in custody on the conviction he challenges in this action. Although mootness may become an issue when a petitioner is released from custody on the challenged conviction during the pendency of the habeas petition, that is not the case here. From the record before the Court, petitioner was not in custody on the challenged conviction when he commenced this action. That petitioner may be in immigration custody in part due to the challenged conviction does not give the Court habeas jurisdiction under § 2254 over the challenged conviction.[2] The Court thus lacks jurisdiction over the habeas challenge.

---

[2] The Court does not construe the instant action as challenging his immigration detention under 28 U.S.C. § 2241 because petitioner unambiguously challenges his state conviction under § 2254. Petitioner furthermore has previously filed a specific challenge under § 2241, and has thus exhibited an ability to distinguish between habeas actions under § 2241 and those under § 2254.

3

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

**SIGNED this 8th day of December, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE